IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JANE DOE,<br><br>*Plaintiff,*<br><br>v.<br><br>ANNE ARUNDEL COUNTY, *et al.*,<br><br>*Defendants.* | Civil No. 1:23-cv-03451-JRR |

## MEMORANDUM OPINION

Pending before the court is Plaintiff's Motion To Proceed Via Pseudonym and to Seal. (ECF No. 2; the "Motion.")  The court has reviewed all papers.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons that follow, by accompanying order, the Motion will be granted.

On December 21, 2023, Plaintiff Jane Doe filed the Complaint against Defendants Anne Arundel County, Maryland, Christopher Klein, Amanda Tabor, Officer Joseph Oluwafemi Osiberu, Officer Tajudeen Olarotimi Durodoye, and John Does 1-4.  (ECF No. 1.)  At all times relevant to the Complaint, Plaintiff was held at the Jennifer Road Detention Center, an Anne Arundel County jail. *Id.* ¶¶ 6, 13.  Defendant Anne Arundel County, Maryland is the legal entity responsible for the operation of the Jennifer Road Detention Center. *Id.* ¶ 7.  Defendant Klein is the Superintendent of the Anne Arundel County Department of Detention Facilities. *Id.* ¶ 8. Defendant Tabor is the Correctional Facility Administrator and serves as the warden of the Jennifer Road Detention Center. *Id.* ¶ 9.  Defendants Osiberu and Durodoye ("the Officer Defendants") were at all relevant times correctional officers employed Anne Arundel County and stationed at

the Jennifer Road Detention Center.  *Id.* ¶¶ 10, 11.  Defendant John Does 1-4 are employees of Anne Arundel County and responsible for the safety of prisoners at the Jennifer Road Detention Center.  (ECF No. 1 ¶ 12.)

Plaintiff alleges that she was repeatedly sexually assaulted and harassed by the Officer Defendants while she was held at the Jennifer Road Detention Center in Annapolis, Maryland.  *Id.* ¶¶ 1, 25-28.  Plaintiff seeks an order allowing her to proceed in this action under the pseudonym "Jane Doe" and to permit the filing under seal of any documents revealing Plaintiff's identity.  (ECF No. 2.)

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all parties.  FED. R. CIV. P. 10(a).  In exceptional circumstances, however, the court may allow a party to proceed pseudonymously.  *Doe v. Pub. Citizen*, 749 F.3d 246, 273-74 (4th Cir. 2014).  Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party."  *Id.* at 274.  The United States Court of Appeals for the Fourth Circuit provides five non-exclusive factors to determine whether to grant a request to proceed pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).  "Not all of these factors may be relevant to a

given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016). The court must "carefully review all the circumstances of [the] case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

With respect to the first factor, Plaintiff's request for a pseudonym must be for the purpose of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238. Courts have found that allegations involving sexual misconduct satisfy this factor. *See E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (concluding that the intervening plaintiff "will remain anonymous in the pleadings, motions, docket entries, and all written materials filed in this case" where she "seeks to preserve her privacy in a highly sensitive and personal matter involving sexual assault"); *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-CV-00249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) (explaining that "[l]ike sexual misconduct, allegations of domestic violence or abusive dating relationships involve sensitive and highly personal facts that can invite harassment and ridicule"); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405-406 (S.D.N.Y. 2019) (noting that allegations involving sexual assault, sexual harassment and related ridicule "are highly sensitive and of extremely personal nature to the Plaintiff"); *Alger*, 317 F.R.D. at 40 (finding that the first factor weights in favor of anonymity where the plaintiff made allegations involving sexual misconduct).

In the instant case, Plaintiff's allegations pertain to incidents of sexual abuse allegedly committed by the Officer Defendants. Plaintiff alleges that, while she was detained, the Officer Defendants "openly engaged in a campaign of sexual harassment, sexual abuse, and ultimately sexual assaults." (ECF No. 1 ¶ 25.) Specifically, Plaintiff alleges that the abuse included "verbal

3

sexual harassment, threats of placement in solitary confinement if Jane Doe resisted or refused, commands to display her naked body, sexual groping, picture-taking, and digital-vaginal penetration." *Id.* ¶ 26. The sexual abuse was open enough that other inmates sent Plaintiff notes confirming that they observed the abuse; and the Jennifer Road Detention Center's surveillance system also caught the abuse on video. *Id.* ¶¶ 29-30. Accordingly, the first factor weighs in favor of allowing Plaintiff to proceed under a pseudonym.

The second factor considers whether denying the Motion "poses a risk of retaliatory physical or mental harm" to Plaintiff. *James*, 6 F.3d at 238. Plaintiff contends that she fears retaliation and suggests that there is some risk of mental harm to her from widespread disclosure. (ECF No. 27 at 2-3.) While the fact "[t]hat the plaintiff may suffer some embarrassment or economic harm is not enough" to warrant anonymity, *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981), "[t]he experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact." *John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008). The court is persuaded that, were the court to deny the Motion, Plaintiff "would face a very real risk of harassment, ridicule, and personal embarrassment." *John Doe 140*, 249 F.R.D. at 361; *see Doe v. City of Philadelphia*, No. CV 23-0342-KSM, 2023 WL 4110064, at *3 (E.D. Pa. June 21, 2023) (noting that the plaintiff's "fear of substantial public stigmatization and backlash is reasonable given her detailed allegations of sexual assault at the hands of a law enforcement agent"); *Alger*, 317 F.R.D. at 40 (allowing the plaintiff to use a pseudonym in a case involving sexual assault allegations because the use of real identities "would likely increase their risk of retaliatory physical or mental harm"); *Doe v. Chesapeake Med. Sols., LLC*, No. CV SAG-19-2670, 2020 WL 13612472, at *1 (D. Md. Feb. 26, 2020) (noting that the second factor weighs in favor anonymity where "there

could be some risk of mental harm to plaintiff upon public dissemination of her identity in connection with the aforementioned sensitive personal information"). Accordingly, the second *James* factor weighs in favor of permitting Plaintiff to proceed under a pseudonym.[1]

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *James*, 6 F.3d at 238. Plaintiff is not a minor. (ECF No. 26 at 3.) Accordingly, the third factor weighs against permitting Plaintiff to proceed under a pseudonym. *See Smith v. Towson Univ.*, No. CV JRR-22-2998, 2022 WL 18142844, at *2 (D. Md. Nov. 30, 2022), *aff'd*, No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023) (finding that the third factor weighed against permitting the plaintiff to proceed by pseudonym where he was not a minor); *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 731 (W.D. Va. 2012) (same).

The fourth *James* factor considers whether Plaintiff's action is against a governmental entity or private party whose reputation may be harmed unfairly if Plaintiff is permitted to proceed anonymously. "[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004). "Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Doe v. Pittsylvania Cty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012).

Generally, courts find the fourth factor neutral where a plaintiff is suing an individual

---

[1] In opposition to the Motion, Defendant Durodoye argues that Plaintiff's name has been publicly disclosed because of his related criminal prosecution. (ECF No. 26 at 1.) Plaintiff counters that the documents in the underlying criminal case are not widely available and press reports have avoided naming her. (ECF No. 27 at 2, n.2.) The court is not persuaded that Plaintiff's "privacy interest in proceeding anonymously now" has been undermined by virtue of the fact that her identity was disclosed in connection with the Durodoye's criminal action. *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (noting that although the intervening plaintiff filed a charge with the EEOC in her own name, "the EEOC investigative record is not as widely available as documents filed in the federal judiciary's electronic filing system").

defendant only in his official capacity. *Doe v. Alger,* 317 F.R.D. 37, 41 (W.D. Va. 2016); *Doe v. Virginia Polytechnic Inst., & State Univ.*, No. 7:21-CV-378, 2022 WL 972629, at *3 (W.D. Va. Mar. 30, 2022). In contrast, courts typically find the fourth factor weighs against anonymity where a plaintiff is suing an individual defendant in his individual and official capacities. *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-CV-00249, 2020 WL 1287960, at *5 (W.D. Va. Mar. 18, 2020); *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:18-CV-170, 2018 WL 5929647, at *4 (W.D. Va. Nov. 13, 2018); *see Doe v. Doe*, 85 F.4th 206, 215 (4th Cir. 2023) (noting that in cases where the plaintiff is suing both public universities and private individuals, courts have "found that the fourth factor was neutral or weighed against allowing anonymity because of the inclusion of private parties -- the more private parties (sued in their individual capacities), the more likely the courts were to find that the factor weighed against the plaintiff").

Here, Plaintiff has sued Defendants Klein, Tabor, Osiberu, and Durodoye in their individual and official capacities. Accordingly, because this action is also challenging the private actions of Defendants, the fourth factor weighs against anonymity. *See Doe v. Virginia Polytechnic Inst. & State Univ.*, 2018 WL 5929647, at *4 (finding that the fourth factor weights against anonymity where the plaintiff's "allegations cannot be read as solely contesting the University's disciplinary process itself, but must be read as also challenging the specific actions of the persons involved in that process").

With respect to the fifth *James* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238. Only Defendant Durodoye filed a response to the Motion arguing that the risk of unfairness is substantial because it unnecessarily prejudices the minds of the jury. (ECF No. 26 at 2.) The court appreciates that "[w]here liability has not been established, there is at least

some risk that jurors may view a decision to let one side proceed anonymously as suggesting that the anonymous party's claims are valid or that it has the better case than the non-anonymous party." *Doe v. Sidar*, 93 F.4th 241, 249 (4th Cir. 2024). Plaintiff does not expressly request to proceed anonymously at trial, but does present legal authority and argument that such a ruling would be appropriate. As this case is not yet approaching trial and Plaintiff agrees to reveal her true identity to Defendants, the court need not address or resolve at this time whether Plaintiff would be permitted to proceed anonymously at trial.[2]

In sum, Defendants are "fully capable of investigating and responding to her allegations." *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). Further, the other four named Defendants filed no response to, and thus concede, the Motion; they do not contend they will suffer unfairness or prejudice should Plaintiff proceed anonymously. *See Alger*, 317 F.R.D. at 41 (finding that the fifth factor weighs in favor of anonymity where the defendants are fully aware of the plaintiff's identity and fail to articulate how they would be prejudiced in their defense). Therefore, the fifth factor weighs in favor of granting the Motion. *See id.* (finding that the fifth factor weighs in favor of anonymity where the defendants are fully aware of the plaintiff's identity and fail to articulate how they would be prejudiced in their defense); *see also E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 594 (E.D. Cal. 2008) (finding that anonymity outweighed prejudice where "[a]pplicants have offered to stipulate to protective orders or other mechanisms to provide Defendants an opportunity to conduct meaningful discovery").

Upon consideration of the *James* factors and the circumstances of the instant case, the court

---

[2] Even were Plaintiff to request anonymity at trial, the court could consider fashioning a jury instruction to curb any potential inference about which Defendant Durodoye complains. The court makes no finding on this issue in view of the fact that Plaintiff has not made such a request and this action is far from trial; rather, the court expresses this to indicate that potential factfinder prejudice, if any, may be avoidable and amendable to reasonable cure that would allow Plaintiff to safeguard her identity while ensuring a fair trial for all Defendants.

concludes that allowing Plaintiff to proceed under the pseudonym "Jane Doe" is warranted.  In light of the court's analysis above, the Motion to Seal Plaintiff's Identifying Records will also be granted.  Local Rule 105.11.  The court will order that any document that identifies Plaintiff by name, in whole or in part, shall be filed under seal, with redacted copies to be placed in the public file.

For the reasons set forth herein, by separate order, Plaintiff's Motion to Proceed Via Pseudonym and to Seal (ECF No. 2) will be granted.


May 8, 2024                                                                                    /S/

                                                                                    _____
                                                                                    Julie R. Rubin
                                                                                    United States District Judge